**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4289**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

KEVIN CHAMBERS, a/k/a BK, a/k/a Kaos,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.    William  D.  Quarles,  Jr.,  District Judge.  (1:10-cr-00331-WDQ-1)

Submitted:  December 7, 2012          Decided:  January 8, 2013

Before WYNN, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ron Earnest, LAW OFFICE OF RON EARNEST, Takoma Park, Maryland, for Appellant.  Michael Clayton Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Chambers pled guilty pursuant to a plea agreement to one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (2006). The district court sentenced him to 188 months of imprisonment. Chambers now appeals. In accordance with Anders v. California, 386 U.S. 738 (1967), Chambers' attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning the substantive reasonableness of Chambers' sentence and the knowing and voluntary nature of Chambers' appeal waiver. Chambers received notice of his right to file a supplemental pro se brief, but has not done so. Finding no error, we affirm.

We initially conclude that we need not consider whether Chambers knowingly and voluntarily waived his right to appeal. The Government has not sought enforcement of the waiver and this court declines to enforce appellate waiver provisions sua sponte. See generally United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Accordingly, the validity of Chambers' waiver of his appellate is simply not pertinent to this appeal.

We review Chambers' sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 52 (2007). We begin by reviewing the sentence for significant procedural error, including improper calculation of the Guidelines range, failure to

2

consider sentencing factors under 18 U.S.C. § 3553(a) (2006), sentencing based on clearly erroneous facts, or failure to adequately explain the sentence imposed. Id. at 51. If we find a sentence procedurally reasonable, we then consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Our examination of the record of Chambers' sentencing reveals no procedural infirmity. Further, we presume Chambers' within-Guidelines sentence to be substantively reasonable. United States v. Powell, 650 F.3d 388, 395 (4th Cir.), cert. denied, 132 S. Ct. 350 (2011). Chambers has failed to rebut this presumption and we have not independently perceived any substantive error in its imposition. Accordingly, we reject Chambers' challenge to his sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Therefore, we affirm Chambers' conviction and sentence. This court requires counsel to inform Chambers, in writing, of his right to petition the Supreme Court of the United States for further review. If Chambers requests that a petition be filed but counsel believes such petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chambers. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before this court and argument would not aid in the decisional process.

AFFIRMED